IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JACKIE McLEOD, # 116274-A, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:13cv478-TMH |
| ) | (WO) |
| GARY HETZEL, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Alabama inmate Jackie McLeod ("McLeod") has filed a pleading styled as a "Motion to Vacate Judgment Rendered on May 16, 1989 Pursuant to Rule 60(b)(4) of Federal Rules of Civil Procedure." Doc. No. 1. McLeod challenges his state convictions for four counts of cocaine distribution and the resulting sentence of life imprisonment as a habitual felony offender entered against him in May 1989 by the Circuit Court for Houston County. He claims that the state trial court lacked jurisdiction to enter a judgment of conviction or impose sentence against him because, he says, the jury venire and petit jury in his case were not properly sworn in prior to his trial. For the reasons that follow, McLeod is not entitled to any relief from this court.

**I.   DISCUSSION**

McLeod attacks the fundamental legality of his convictions and sentence. His motion, however, suffers from a significant infirmity: Fed.R.Civ.P. 60(b)(4) is a civil rule and is therefore an inappropriate vehicle to challenge a criminal conviction or sentence. *United*

*States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case."); *see also United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998). The Federal Rules of Civil Procedure govern "suits of a civil nature." Fed.R.Civ.P. 1. Although Fed.R.Civ.P. 60 may be used in limited circumstances to set aside *habeas* denials, *see Gonzalez v. Crosby*, 545 U.S. 524 (2005), McLeod's motion plainly attacks the convictions and sentence imposed in the state criminal proceeding against him and raises no challenge to the ruling of this court in any prior action for habeas corpus relief.

This court's records indicate that, in September 1995, McLeod filed a § 2254 habeas petition challenging these same state court convictions. *See McLeod v. Sutton*, Civil Action Nos. 1:95cv1181-WHA and 1:95cv1219-WHA (M.D. Ala. Oct. 24, 1996). In that habeas action, this court determined that McLeod's petition was due to be denied because he had procedurally defaulted on each of his claims for relief and had failed to show cause and prejudice or a fundamental miscarriage of justice excusing his procedural default. *McLeod v. Sutton*, Civil Action No. 1:95cv1181-WHA (Doc. Nos. 31 and 33). In *Gonzalez*, *supra*, the Supreme Court held that, where a previous habeas petition has been denied, a nominal Rule 60(b) motion containing one or more "claims" for relief – i.e., "an asserted federal basis for relief from a ... judgment of conviction" – is in substance a successive petition for habeas relief. *See* 545 U.S. at 529-32. McLeod's allegations – by which he challenges the state trial court's jurisdiction to enter a judgment of conviction or impose sentence – present "claims" for relief from a judgment of conviction within the meaning of *Gonzalez*. Consequently,

McLeod's present collateral attack on his convictions and sentence must be treated as a successive § 2254 petition, despite McLeod's having designated his motion as one seeking relief under Fed.R.Civ.P 60(b)(4). *See Gonzalez*, 545 U.S. at 531-32.[1]

Pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C).

It is clear from the motion filed by McLeod that he has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider

---

[1] After this court's disposition of McLeod's September 1995 habeas petition, McLeod again collaterally attacked his convictions and sentence – in a petition filed in July 2009 styled as a "2241 Petition for Writ of Habeas Corpus," *McLeod v. Culliver*, Civil Action No. 1:09cv634-ID (Doc. No. 1); in a motion filed in December 2010, where McLeod purported to seek relief under Fed.R.Civ.P. 60(b)(6) or, in the alternative, 28 U.S.C. § 2241, *McLeod v. Patterson*, Civil Action No. 1:10cv1074-ID (Doc. No. 1); and again in a motion filed in May 2013, where McLeod purported to seek relief under Fed.R.Civ.P. 60(b)(4) and (6), *McLeod v. Harrelson*, Civil Action No. 1:91cv02-MHT (Doc. No. 74). As is the case with McLeod's instant motion, this court deemed McLeod's 2009, 2010, and May 2013 challenges to be the functional equivalents of 28 U.S.C. § 2254 petitions. *See* Civil Action No. 1:09cv634-ID (Doc. Nos. 20, 23, and 24); Civil Action No. 1:10c1074-ID (Doc. Nos. 3-5); and Civil Action No. 1:91cv02-MHT (Doc. Nos. 75 and 76). Therefore, for purposes of the successive-petition rules, McLeod's instant pleading is his fourth § 2254 habeas petition attacking his convictions and sentence.

a successive application for habeas relief under 28 U.S.C. § 2254. Because this undertaking is a successive habeas corpus petition and because McLeod has no permission from the Eleventh Circuit to file a successive habeas petition, this court lacks jurisdiction to grant the requested relief. *See Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997). Consequently, the instant petition for habeas corpus relief is due to be denied and this case summarily dismissed. *Gilreath*, 273 F.3d at 934.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The instant motion be DENIED.

2. This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A), as McLeod has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

ORDERED that on or before **July 26, 2013,** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of July, 2013.

                                            /s/Charles S. Coody
                                    CHARLES S. COODY
                                    UNITED STATES MAGISTRATE JUDGE